Mikey's Houses Et Al. v. Bank of America et al.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-269-CV

MIKEY'S HOUSES LLC AND     APPELLANTS

HELEN L. MARTIN AND 

JOYCE A. POWELL 

V.

BANK OF AMERICA CORPORATION APPELLEES

D/B/A BANK OF AMERICA N.A., 

REPUBLIC TITLE OF TEXAS, INC. 

AND CARMALETA KEENAN A/K/A 

CARMALETA WELLS KEENAN 

------------

FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Mikey’s Houses, LLC, Helen L. Martin, and Joyce A. Powell are attempting to appeal the trial court’s interlocutory order granting Appellee Bank of America’s motion to enforce a contractual waiver of jury trial.  We dismiss the appeal.

The permissive appeal statute provides as follows: 

A district court may issue a written order for interlocutory appeal in a civil action not otherwise appealable under this section if:

(1) 
the parties agree
 that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion;

(2) an immediate appeal from the order may materially advance the ultimate termination of the litigation; and

(3) 
the parties agree to the order
.

Tex. Civ. Prac. & Rem. Code Ann.
 § 51.014(d) (Vernon Supp. 2004-05) (emphasis added).
  

Neither Appellants’ motion for permission to file an interlocutory appeal, their notice of appeal, nor the trial court’s order granting permission to file the interlocutory appeal complies with this statute.  
There is no allegation or evidence in the trial court’s order or in the record before us that Bank of America has agreed to the order granting the interlocutory appeal.  Further, there is no allegation or evidence that Bank of America agrees that the order being appealed involves a controlling question of law about which there is a substantial difference of opinion.  Appellants’ motion for permission to appeal merely states:

Plaintiffs have sought the agreement of Defendant Bank of America, and will provide the same to the Court upon receipt, or will advise the Court that no agreement can be reached, in which case other legal avenues will be utilized.  Plaintiffs hope to hear from Defendants within the next five days.

Likewise, the trial court’s order simply recites:  ”[T]he Court being fully advised in the premises and having heard statements of counsel, does hereby grant the Plaintiffs Permission to File Interlocutory Appeal of Denial of Jury Trial.”

Because Appellants’ documents and the trial court’s order, on their face, show a failure to comply with the statute, we dismiss the appeal.

PER CURIAM

PANEL A: MCCOY, LIVINGSTON, and GARDNER, JJ.

DELIVERED:  August 25, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.